**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LEDO PIZZA SYSTEM, INC. and** | |
| **LEDO PIZZA CARRYOUTS, INC.** | |
| | |
| **Plaintiffs,** | **Case No.** |
| | |
| **v.** | |
| | |
| **LEDO'S, INC. d/b/a LEDO'S PIZZA** | |
| | |
| **Defendant.** | |

<u>**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**</u>

Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Inc., by and through its undersigned counsel, sue the Defendant, Ledo's, Inc. d/b/a Ledo's Pizza, and in support thereof, state as follows:

<u>**Parties, Jurisdiction, and Venue**</u>

1.    Plaintiff, Ledo Pizza System, Inc. ("System") is registered and duly incorporated under the laws of Maryland.

2.    System is engaged in the business of restaurant franchising throughout the Mid-Atlantic region and elsewhere.

3.    Plaintiff, Ledo Pizza Carryouts, Inc. ("Carryouts") is registered and duly incorporated under the laws of the State of Florida (System and Carryouts are together referred to as "Plaintiffs").

4.    Ledo's Inc. ("Defendant") is incorporated under the laws of Illinois. Ledo's

Inc. does business as Ledo's Pizza, a restaurant selling pizza, Italian food, and apparel. According to its website, https://www.ledospizza.net, the Defendant also ships pizza products across the entire United States.

5.     Defendant's principal office is located at 5525 S La Grange Road, Countryside, IL 60525.

6.     Carryouts is the owner of the trademark and service mark, "LEDO PIZZA®," which has been continually used in Maryland since 1955; was registered in the State of Maryland in 1986; and federally registered with the United States Patent and Trademark Office Principal Register on December 13, 1988 (Reg. No. 1,516,567) and on May 6, 2003, (Reg. No. 2,712,869).

7.     Carryouts licenses System to use the Ledo Pizza trademark and related intellectual property in the sale of franchised restaurants operating under the names "LEDO PIZZA," "LEDO PIZZA AND PASTA" and "LEDO PIZZA AND SUBS".

8.     By virtue of Plaintiffs' continuous use and federal trademark registration of the name, "LEDO PIZZA®," Plaintiffs own "LEDO PIZZA," "LEDO PIZZA AND PASTA," "LEDO PIZZA AND SUBS," and any other derivation thereof (the "Marks").

9.     Plaintiffs make use of the Marks on their menus, signage, advertising materials and promotional material, including System's website.

10.     The Ledo Pizza trademark is a strong, arbitrary mark that warrants broad protection in both related and unrelated product and/or service classes.

11.     Plaintiffs operate a highly recognizable chain of restaurants, with over 100

2

licensed and franchised locations in the United States and Plaintiffs' distinctive "LEDO PIZZA®" trademark has acquired a secondary meaning associated with quality pizza and pasta.

12. Plaintiffs have used the Ledo Pizza trademark to distinguish its quality products and accumulate substantial good will with consumers. The name Ledo Pizza has become highly renowned in the Mid-Atlantic and Southeastern United States over the last sixty years.

13. Among its many awards throughout the years, Ledo Pizza was previously named one of the best pizzas in America on the Oprah Winfrey Show. In 2013, the Daily Menu ranked Ledo Pizza No. 3 in its list of America's 25 Best Pizza Chains. In 2014, Ledo Pizza was named the Best Pizza in Maryland by Family Magazine's Reader's Choice Awards. In 2018, Ledo Pizza was named the Best Pizza in Washington by the Washington City Paper. Furthermore, for at least four years in a row, Ledo Pizza was ranked the Best Pizza in Annapolis by What's Up Annapolis.

14. Ledo Pizza is a special type of pizza. It uses a secret recipe, proprietary ingredients and a distinctive rectangular method of presentation, all developed and marketed by Plaintiffs since 1955.

15. System has developed a line of proprietary products, including subs, salads and Italian entrees (collectively the "Proprietary Products") which use trade secrets developed by System.

16. Customers have come to recognize the distinctive pizza presentation and

associate Ledo Pizza with quality products.

17.     Over the years, Plaintiffs have invested millions of dollars in the advertisement and promotion of the Ledo Pizza brand and trademark in order to establish a strong bond between the Ledo Pizza name, Plaintiffs' products and customer goodwill.

18.     Plaintiffs have continuously monitored and regulated the use of its trademark and service mark, ensuring tight control over the use of its trademark and service mark.

19.     The acts of the Defendant described herein occurred in interstate commerce, affect interstate commerce and adversely affect Plaintiffs' interstate business.

20.     The Court's jurisdiction over this action is predicated upon 15 U.S.C. §1121.

21.     This Court has personal jurisdiction over the Defendant as it resides and operates its business in the Northern District of Illinois.

22.     Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b).

## Background

23.     The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

24.     Defendant is doing business as a restaurant called "Ledo's Pizza" that sells pizza, Italian dishes, and sandwiches. In addition to food, Defendant also sells shirts, tank tops, and jackets with "Ledo's Pizza" embroidered and/or screen printed on the apparel. Through its website, www.ledospizza.net, Defendant provides an option for anyone in the United States to order frozen pizza and apparel and have these items delivered to their home.

4

25.     Plaintiffs recently discovered that Defendant was using the service mark and trademark, LEDO PIZZA®, to advertise its own restaurant; to conduct web based advertising and other similar uses on its website. The Defendant also uses the Plaintiffs' service mark and trademark in its website domain name, www.ledospizza.net.

26.     Defendant advertises to consumers through its website that it will deliver frozen pizza anywhere in the continental United States, as well as apparel with the LEDO PIZZA ® trademark and service mark printed on it. A copy of the advertisement is attached hereto and incorporated as **Exhibit A**. A copy of the apparel Defendant sells is attached hereto and incorporated as **Exhibit B**.

27.     Plaintiffs are not affiliated with Defendant in any fashion and have not authorized Defendant's use of the LEDO PIZZA® service mark and/or trademark or any of the Marks at any time.

28.     Although Defendant is not affiliated with Plaintiffs and lacks any authority to advertise or promote the Ledo Pizza name in its business, Defendant continuously advertises itself using the LEDO PIZZA® service mark and/or trademark.

29.     These advertisements are likely to cause confusion among consumers that Defendant is authorized to advertise and deliver Plaintiffs' products, or otherwise that the Defendant is affiliated with Plaintiffs.

30.     Defendant's operation of a pizza restaurant under the name "Ledo's Pizza" while selling food products almost identical to the Plaintiffs' Proprietary Products is likely to confuse consumers that Plaintiffs and Defendant are affiliated.

5

31.     The Defendants domain name, www.ledospizza.net, is almost identical to some of the domain names owned by Plaintiffs, including www.ledopizza.com and www.ledospizza.com. This is likely to confuse consumers that Plaintiffs and Defendant are affiliated.

32.     Plaintiffs do not independently offer to ship frozen pizzas to their customers. Further, Plaintiffs do not sell apparel with the Ledo Pizza service mark/or trademark written on them.

33.     Since there is no affiliation between Plaintiffs and Defendant, Plaintiffs are unable to have any control over the food handling or quality standards of Defendant.

34.     As there is no affiliation between Plaintiffs and Defendant, the Defendant's use of the trademark and/or service mark is likely to confuse consumers that Plaintiff and Defendant are affiliated.

35.     Consumers assume that there is an affiliation between Plaintiffs and Defendant and that the products they receive from Defendant will comport with the quality products they have come to associate with the Ledo Pizza name over the years; however, Plaintiffs have no control or ability to ensure that their customers receive those quality products.

36.     On September 29, 2020, counsel for System and Carryouts sent a letter to Defendant advising that its use of the LEDO PIZZA® service mark and trademark was unauthorized and in violation of Federal and State trademark law. The letter demanded that Defendant immediately cease use of the LEDO PIZZA® service mark and trademark. A

copy of the September 29, 2020 letter is attached hereto and incorporated as **Exhibit C**.

37.     Defendant responded to the demand letter, but to date Defendant has not stopped its unauthorized use of the LEDO PIZZA® service mark and trademark.

38.     Defendant has failed to cease its unauthorized use of the LEDO PIZZA® service mark and trademark and, as of the date of this filing, Defendant continues to use the LEDO PIZZA® service mark and trademark.

**<u>COUNT I</u>**
**(Trade Mark Infringement**)

39.     The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

40.     This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, which is commonly referred to as the "Lanham Act."

41.     Plaintiffs registered the trademark, "LEDO PIZZA®" with the USPTO and such registration is incontestable pursuant to 15 U.S.C. § 1065.

42.     Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations.

43.     Applicable trademark laws require that the Plaintiffs affirmatively act to protect the trademark and service mark.

44.     Defendant has utilized the Marks of Plaintiffs without authorization and in interstate commerce through its operation of a pizza restaurant and as part of its nationwide delivery of frozen pizza products and apparel with the LEDO PIZZA® trademark and

service mark. Defendant further used the LEDO PIZZA® trademark and service mark in its use of the domain name www.ledospizza.net.

45.     The use of the Plaintiffs' service mark and trade mark constitutes a clear and unequivocal infringement of the Plaintiffs' service mark and trademark in violation of the Lanham Act.

46.     Defendant has acted willfully and in bad faith in its unauthorized use of the "LEDO PIZZA®" trademark and service mark as Defendant has been put on notice of its unauthorized use and violation of the law and yet, Defendant continues such unauthorized use.

47.     Defendant's unauthorized use of the Marks has caused and will continue to cause Plaintiffs to suffer irreparable harm to the goodwill and reputation built by Plaintiffs over the last sixty years.

48.     More particularly, Defendant's unauthorized use of the Plaintiffs' trademarks is likely to cause confusion among consumers and others as to Plaintiffs' sponsorship or authorization of Defendant's use of the LEDO PIZZA® trademark and service mark.

49.     Plaintiffs have no ability to control the quality, timeliness, or other conditions of Defendant's products, while consumers may assume that there is some authorization and/or control by Plaintiffs.

50.     Defendant's continued use and advertisement of the Marks will continue to cause irreparable harm to the Plaintiffs and the consumer goodwill generated by the Marks.

51.     Plaintiffs have no adequate remedy at law as the continued unauthorized use

of Plaintiffs' marks will continue to cause damage to Plaintiffs' Marks and brand completely out of control of the Plaintiffs.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Inc., request that this Honorable Court preliminarily and permanently enjoin the Defendant, Ledo's, Inc. d/b/a Ledo's Pizza, from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Defendant's infringing activities, award the Plaintiffs' costs and attorneys' fees against Defendant, and further request that this Honorable Court grant such other and further relief as the nature of its cause may require.

## COUNT II
### (Unfair Competition and False Designation of Origin)

52. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

53. This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, which is commonly referred to as the "Lanham Act."

54. By virtue of its use continuous use of the name "Ledo Pizza" in interstate commerce since 1955, Plaintiffs have a common law right to the exclusive use of the name.

55. Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations. Plaintiffs and their franchisees do not offer delivery of its products, frozen or otherwise, from its franchise locations to its consumers.

56. Plaintiffs prescribe a certain image for the Ledo Pizza® name and the

9

proprietary products.

57.    Customers have come to associate the Ledo Pizza name with quality products creating a highly recognizable brand in the Mid-Atlantic and Southeastern United States.

58.    Applicable trademark laws require that the Plaintiffs affirmatively act to protect the trademark and trade dress.

59.    Defendant's use of the Plaintiffs' Marks is misleading and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's business with Ledo Pizza®, or as to the origin, sponsorship or approval of Defendant's goods, services or commercial activities among potential patrons of the Plaintiffs and their licensees and franchisees.

60.    Defendant's activities violate the express provisions of 15 U.S.C. § 1125(a).

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Inc., request this Honorable Court to preliminarily and permanently enjoin the Defendant, Ledo's, Inc. d/b/a Ledo's Pizza, from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Defendant's infringing activities, award the Plaintiffs' costs and attorneys' fees against Defendant, and grant such other and further relief as the nature of its cause may require.

## <u>COUNT III</u>
### (Common Law Unfair Competition Trade Name Infringement)

61.    The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

62.     By virtue of its use of the mark "Ledo Pizza®" since 1955, Plaintiffs have a common law right to the exclusive use of the mark and any derivatives thereof.

63.     Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations. Plaintiffs and their franchisees do not offer delivery of its products, frozen or otherwise, from its franchise locations to its consumers.

64.     Plaintiffs prescribe a certain image for the Ledo Pizza® name and the Proprietary Products.

65.     Plaintiffs' mark has become famous in Maryland, Virginia, Pennsylvania and Washington, D.C. and is widely known throughout the United States.

66.     Defendant's unauthorized use of the Plaintiffs' service mark and trademark is likely to cause confusion as to the affiliation, connection, or association of Defendant's business with Ledo Pizza® among potential patrons of the Plaintiffs and their licensees and franchisees.

67.     Through its unauthorized use of the Plaintiffs' trademark and service mark, Defendant has engaged in unfair competition with the Plaintiffs.

68.     Defendant's unauthorized use of the Plaintiffs' service mark and trademark also constitutes a clear and unequivocal infringement of the Plaintiffs' service mark and trademark.

69.     Defendant violated and continues to violate the Plaintiffs' exclusive common law right to trade as "Ledo Pizza®."

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Inc., request this Honorable Court to preliminarily and permanently enjoin the Defendant, Ledo's, Inc. d/b/a Ledo's Pizza, from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Defendant's infringing activities, award the Plaintiffs' costs and attorneys' fees against Defendant, and grant such other and further relief as the nature of its cause may require.

ARONBERG GOLDGEHN DAVIS & GARMISA

By: _____ /s/ *Christopher W. Niro* _____

Christopher W. Niro (IL #6300428)
330 N. Wabash Ave. 1700
Chicago, IL 60611
(312) 755-3161
cniro@agdglaw.com

Brent M. Ahalt (*Pro Hac Vice Pending*)
MCNAMEE, HOSEA, JERNIGAN, KIM,
 GREENAN & LYNCH, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
bahalt@mhlawyers.com
*Attorneys for Plaintiffs*

**VERIFICATION**

I solemnly affirm under the penalties of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information and belief.

James B. Beall, President
Ledo Pizza System, Inc