IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEDO'S PIZZA SYSTEM, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 20 C 7350 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| LEDO'S, INC. d/b/a/ LEDO'S PIZZA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a motion to compel plaintiffs to respond to a number of discovery requests: Requests to Admit Nos. 1, 2, 3, 4, Requests for Production Nos. 11-13, and Interrogatories Nos. 4, 5, 6, 14, and 18. The defendants' motion [Dkt. #36] is denied with the exception of Interrogatory No. 14.

For the most part, this motion comes to court as a result of a less than the required "good faith" compliance with Local Rule 37.2. The good faith requirement has meaning. *See, e.g., Chicago Regal Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Security & Training Servs.*, Inc., 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2.").

Moreover, as the resolution of discovery disputes is committed to the court's broad discretion, *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013), it behooves parties to work things out on their own in compliance with Local Rule 37.2. Discretion denotes the absence of hard and fast rules. *Langnes v. Green*, 282 U.S. 531, 541 (1931). Being a range, not a point, discretion allows two decision-makers – on virtually identical facts – to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996); *see also Mejia v. Cook Cty.*, Ill., 650 F.3d 631, 635 (7th Cir. 2011)("it is possible for two judges, confronted with the identical record, to come to opposite conclusions and for the appellate court to affirm both."); *United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Sanders v. Cangiolosi*, 2021 WL 1121084, at *2 (N.D. Ill. 2021).

A party that steadfastly maintains its position without budging – as the parties have essentially done here – could be "right," but find itself on the losing side, and properly so, when the matter comes before the court and the court's discretion leads it to accept the other side's "right" position. A negotiated outcome is more likely to give both sides at least a somewhat satisfactory resolution. At least one that does not require judicial intervention, as the Local Rule and the Federal Rules of Civil Procedure envision. *Infowhyse*, 2016 WL 4063168, at *2. All that being said, within the court's broad discretion, here are the rulings on the parties' disputes.

**Requests to Admit Nos. 1, 2, and 4**

Properly used, requests to admit serve the expedient purpose of eliminating the necessity of proving at trial essentially undisputed issues of fact. *See Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966); *Yahaya*

*v. Hua*, 1989 WL 214481, at *6 (S.D.N.Y. 1989); *State of Vermont v. Staco, Inc.*, 684 F.Supp. 822, 829 (D. Vt. 1988); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988). The requests at issue here do not fall into that category. Requests to Admit Nos. 1, 2, and 4 all concern matters exclusively within the knowledge of the defendant: whether defendant adopted its name without knowledge of plaintiffs' prior use, how defendant came up with the name, and how long it has used it. The plaintiffs objected to the requests for that reason and denied each one. Those objections, and denials, are valid. How can a party admit or deny what knowledge their opponent had and when it had it? As such, these requests are not really the best use of Fed.R.Civ.P. 36

Nevertheless, the defendant complains that plaintiff's denials are insufficient under the rule because plaintiffs failed to say it had made a reasonable inquiry. Fed.R.Civ.P. 36(a)(4). Obviously, plaintiffs cannot really make a "reasonable inquiry" into what someone – who is dead [Dkt. #36-8, at 29-30] – knew or was thinking back in the early 1960s. In any event, the plaintiffs have supplemented their responses to claim it has made a reasonable inquiry [Dkt. #36-2; #38, at 3] and that is enough for the purposes of this case.

Request No. 3 asked plaintiffs to admit that it has no evidence that defendant adopted its name with prior knowledge of plaintiffs' use of "Ledo." The plaintiffs denied this request as well – again, properly, in this instance. Because there is no dispute that plaintiffs were using "Ledo's" years before defendant, there is circumstantial evidence – although perhaps not documentary evidence – of potential prior knowledge.

**Requests for Production Nos. 11-13**

As of December 14, 2021, plaintiffs responded to these requests by explaining:

At the moment, Ledo's Pizza does not believe that it has any documents that are

> specifically responsive to these requests. It will, however, supplement if such documents are obtained.

[Dkt. #36, at 9]. That is an adequate response and plaintiffs will, of course, have to supplement their production should circumstances change.

**Interrogatories Nos. 4-6, 14, and 18**

The defendants' motion to compel further supplemented responses to Interrogatory No. 4 is denied. The plaintiffs' answer, or claim, is that it established common law trademark rights throughout the United States but has no documentary evidence to support that claim. That answer is sufficient. Obviously, plaintiffs would be precluded from offering any documentary evidence in a dispositive motion or at trial unless they further supplement their answer.

Similarly, the only "facts" the plaintiffs can come up with for Interrogatories Nos. 5 and 6 are that it had a strong brand at the time defendant began use of the name. Again, it says it has no documentary evidence and will, again, be held to that unless it supplements its response.

As for Interrogatory No. 14, plaintiffs must provide a supplementary response without cross references indicating whether instances are permitted third-party uses or registrations, and provide the documents that are not electronically available.

Finally, the defendants' motion as to Interrogatory 18 is denied for the reasons stated in regard to the requests to admit.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/18/22