IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEDO'S PIZZA SYSTEM, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 20 C 7350 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| LEDO'S, INC. d/b/a/ LEDO'S PIZZA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a Motion to Compel Payment of Expert Witness Deposition Fees in the amount of $16,372.50. For the following reasons, the defendant's motion [Dkt.# 100] is granted in part and denied in part.

Under Fed.R.Civ.P. 26(b)(4)(E), "the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions. In general, courts determine the reasonableness of an expert's fee by considering the following factors: (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 955 (N.D. Ill. 2012)." The party seeking reimbursement of their expert witness fees has the burden of demonstrating to the

court that the expert's rate and fee are reasonable. *Bradford v. Obaisi*, No. 16 C 8112, 2019 WL 4166855, at *4 (N.D. Ill. Sept. 3, 2019); *Next Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, No. 17 C 8829, 2019 WL 955354, at *28 (N.D. Ill. Feb. 27, 2019); *Crabtree v. Experian Info. Sols., Inc.*, No. 16 CV 10706, 2018 WL 10127090, at *4 (N.D. Ill. Oct. 15, 2018). The defendant has fallen short of meeting its burden here.[1]

What follows is an assessment of each of those factors:

1. *The Expert's Area of Expertise*: Defendant's motion provides the court with absolutely nothing on this simple and salient point. [Dkt. #100, at 3]. We are given to understand that defendant's expert witness is a lawyer, but we have no idea what defendant's expert's area of expertise is. We have no idea what she testified about.

2. *The Education and Training Required to Provide the Expert Insight that is Sought*: Again, it looks as though the expert went to law school, but the defendant doesn't explain how that relates to what she testified about because, again, the defendant doesn't tell the court what she testified about.

3. *The Prevailing Rates of Other Comparably Respected Available Experts*: The defendant claims that their expert's rate of $555 per hour is in line with legal fees for partners with her level of experience in trademark matters in downtown Chicago firms. Maybe it is, maybe it isn't. Defendant offers no proof of that whatsoever and that's not how things work in a courthouse. *See, e.g.,Cont'l W. Ins. Co. v. Country Mut. Ins. Co.*, 3 F.4th 308, 319 (7th Cir. 2021)(". . . the free and voluntary payment of a charge for a service by a consumer is presumptive evidence of the reasonable or fair market value of that service."); *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012)(attorney failed to "establish his actual billing rate . . . because the

---

[1] Given the skeletal and uninformative nature of the defendant's motion, the court, and likely the plaintiff, fully expected the defendant to "load up" in its reply brief – even though blind-siding, gamesmanship, or sandbagging are not countenanced. *See Malloy v. Walgreen Co.*, No. 20-CV-5686, 2021 WL 3054819, at *8 (N.D. Ill. July 20, 2021); *Salmans v. Byron Udell & Assocs., Inc.*, No. 12 C 3452, 2013 WL 707992, at *1 n.1 (N.D. Ill. Feb. 26, 2013) *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006). "A reply brief is for replying, not for raising a new ground...." Reply briefs are for replying, *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987)(Posner, J., concurring), not for raising points that are required to be covered in the opening motion. *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019)(". . . arguments raised for the first time in a reply brief are waived."); *United States v. Boyle*, 484 F.3d 943, 946 (7th Cir. 2007)(contentions not raised until reply brief are forfeited); *Cloutier v. GoJet Airlines, LLC*, 996 F.3d 426, 451 (7th Cir. 2021)(". . .arguments not fully developed until a reply brief are waived.").

evidence he presented didn't show how much he was actually paid and for what kind of work."); *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008)(supporting evidence includes billing statements as well as evidence regarding the rates billed by counsel; timely payment of counsel's bills; and market rates for similar counsel in Chicago). It is well to remember that here, as always, "saying so doesn't make it so." *Guerrero v. BNSF Ry. Co.*, 929 F.3d 926, 929 (7th Cir. 2019). *See also* Donald v. City of Chicago, No. 20 C 6815, 2022 WL 3908568, at *1 (N.D. Ill. Aug. 30, 2022)(collecting cases). It never has. *See also Stromberg Motor Devices Co. v. Zenith Carburetor Co.*, 254 F. 68, 69 (7th Cir. 1918).

4. *The Nature, Quality, and Complexity of the Discovery Responses Provided*: Again, the defendant has kept this type of information a secret from the court. The court does know that this is, essentially, a case about who named their pizza place "Ledo" first. It doesn't sound terribly complex but, again, the defendant's motion is utterly devoid of any hint as to its expert's testimony.

5. *The Fee Actually Being Charged to the Party that Retained the Expert*: The defendant's motion gives the court absolutely no idea what that might be. The defendant didn't even attach an invoice to its motion. In its reply brief, defendant won't even concede that it has failed on this point, because the plaintiff had to attach an invoice to its response in order to defendant against the defendant's completely unsupported motion. Then, in its reply brief, rather than apologizing for its failure, defendant audaciously says in a footnote, "The Court has the invoice." That's simply unacceptable. The court needs the invoice when the motion is filed or the motion cannot be granted. The failure to do such an obvious and simple thing should really doom the defendant's motion in and of itself.

6. *Fees Traditionally Charged by the Expert on Related Matters*: Unfortunately, the defendant has provided no evidence on this factor.

"An advocate's job is to make it easy for the court to rule in his client's favor . . . ." *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 613 (7th Cir. 2006). But the motion the defendant filed for fees has not lived up to that wise admonition. While it is tempting for the court to say the defendant's motion is the least informative one the court has ever seen, decades of experience managing contentious discovery and often petty squabbles makes that impossible. It is, however, in the team picture.

One might wonder what exactly was in a scant, three-page motion that provided almost no information or evidence on any of the foregoing factors. The defendant spent nearly the entire

motion arguing that it is entitled to compensation for its expert's preparation time at a ratio of 3:1 relative to deposition time. The defendant tells the court that the expert "spent 6.7 hours in the deposition and travelling to Ledo's counsel's office in Schaumburg for the deposition." The motion does not say, unfortunately, how long the deposition actually was, or where the expert was traveling from, or how.[2]

The idea behind that 3:1 ratio is that the more complex the subject matter of the deposition, the more preparation time is reasonable. See, e.g., *LK Nutrition, LLC v. Premier Rsch. Labs, LP*, No. 12 CV 7905, 2015 WL 4466632, at *3 (N.D. Ill. July 21, 2015)("Courts have approved of a 1:1 ratio up to a 3:1 ratio depending on the nature of the required document review, breadth of the expert's involvement, and difficulty of the issues."); *Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 4506071, at *6 (N.D. Ill. Aug. 23, 2013)("The Court has previously concluded, in line with other courts in this district, that a 3 to 1 preparation to deposition time is reasonable in complex cases."); *Chicago United Indus., Ltd. v. City of Chicago*, No. 05 C 5011, 2011 WL 4383007, at *2 (N.D. Ill. Sept. 20, 2011)(". . . the Court does not think it likely that this case was more complicated than the patent infringement case . . . ."). There is nothing from the defendant to suggest that this is a complex case or that the expert testimony was a complex matter. The cases that the defendant cited reveal that a 3:1 ration is not appropriate in a case like this one. *See, e.g., Brumfield, Tr. for Ascent Tr. v. IBG LLC*, No. 10 C 715, 2022 WL 972277, at *3 (N.D. Ill. Mar. 31, 2022)(ten-year patent infringement case involving twelve patents for futures trading software); *Next Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, No. 17 C 8829, 2019 WL 955354, at *1 (N.D.

---

[2] In its Reply Brief, the defendant seems to suggest that the expert was traveling either through or from Chicago, but the defendant maintains the vague tone it adhered to in its opening brief, so one cannot be certain exactly where she was coming from.

Ill. Feb. 27, 2019)(complex issues related to computer software program that allows a business to process customer rebates or carry out a customer reward program online); *Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *1 (N.D. Ill. Mar. 23, 2018)(Injuries suffered due to failure of surgically implanted medical device); *The Medicines Co. v. Mylan Inc.*, No. 11-CV-1285, 2017 WL 4882379, at *1 (N.D. Ill. Oct. 30, 2017)(six-year patent infringement case regarding two patents for a direct thrombin inhibitor); *Artunduaga v. Univ. of Chicago Med. Ctr.*, No. 12 C 8733, 2017 WL 1355873, at *3 (N.D. Ill. Apr. 13, 2017)(complex damages calculations in rebuttal to other sides' complex calculations). We may all love pizza, but the inescapable reality is that not all cases are fungible Meaning no disrespect, a case involving issues like those involved here are not necessarily of the same "importance as those that may be involved in computer software or medical devices or the like.

Moreover, even we were inclined to apply the 3:1 ratio here, it could not, because the defendant would not say how long to deposition was. The defendant, as already noted, would only say that the deposition *and* travel time combined amounted to 6.7 hours. Again, the preparation-to-deposition ratio has to do with the complexity of the subject matter. The more complex the topic – like computer code or surgical implants – the more preparation time is reasonable. Travel time – which might have been compensable if the defendant's motion had provided the court any information about it, *see e.g. Brumfield*, 2022 WL 972277, at *7 – should not enter into the ratio. That would make no sense.

In the end, the only information we have received on this matter has come from the plaintiff's Response Brief. Accordingly, based on that information, and in view of the foregoing factors and the nature of the defendant's motion, I find that the defendant is entitled to no more than

5

the $2,220 in preparation time and $1,980 in deposition time the plaintiff has offered. [Dkt. #107, at 8 n.5]. That's a generous offer given the defendant's motion. When, in any case, a party files a motion that is skeletal and uninformative, it is difficult, if not impossible, for the other side to mount a meaningful response that covers all the factors the motion ignored and it is not the court's responsibility to make arguments for one side or the other that were not advanced in the briefs.[3] We mean no disrespect, but the reality here is that the plaintiff was forced to do yeoman's work, while the defendant's motion unfortunately did very little.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/23/22

---

[3] Nor should it have to. Ours is an adversary system in which one party does not have to do the legal work ignored or mishandled by the other side. Nor is the court required to make up for any deficiency and presentation by one side or the other. Indeed, the Supreme Court recently emphasized, "[i]n our adversarial system of adjudication we follow the principle of party presentation." *United States v. Sineneng-Smith*, ––– U.S. ––––, 140 S.Ct. 1575, 1579, 206 L.Ed.2d 866 (2020). That principle assigns to the court the role of "neutral arbiter of matters the parties present." *Id*. Thus, "as a general rule, [o]ur system is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the facts and arguments entitling them to relief.'" *Id*. at 1579. (Brackets in original). *See also Kreg Therapeutics, Inc. v. Vital Go, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019); *Bunn v. FDIC*, 908 F.3d 290 (7th Cir. 2018); *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001).